UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 8911 HIGHWAY 49, MOKELUMNE HILL, CALIFORNIA, CALAVERAS COUNTY, APN: 018–019–057–0000, et al.,<br><br>Defendants. | No. 2:18-cv-00747-KJM-CKD<br><br><br>FINDINGS & RECOMMENDATIONS |

**I.  Introduction**

This case was referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). This is a civil forfeiture action against real property located at 6199 Highway 26, Valley Springs, California, Calaveras County, APN: 073-013-005-000, including all appurtenances and improvements thereto (hereafter referred to as "defendant real property").[1] Plaintiff United States of America ("Government") seeks default judgment against the interest of Xiulan Yang ("Yang"). Plaintiff seeks entry of a final judgment of forfeiture that vests in the

---

[1] Defendant real property is more fully described as follows: Lot 3032 of Rancho Calaveras, Units No. 10, 11, 12, 13, and 14, Tract No. 180, as shown on the official map thereof, filed for record December 18, 1967, in Book 3, of Subdivision Maps, at page 12-12J, inclusive, Calaveras County Records.  (ECF No. 1 at 24 (Verified Compl. at Ex. I).)

Government all right, title, and interest in defendant real property.

The Government's motion for entry of default judgment (ECF No. 90) came on regularly for hearing on October 9, 2019. Assistant United States Attorney Kevin Khasigian appeared at the hearing on behalf of the Government. Michael Gilligan, counsel for defendant Signet Management, LLC, appeared telephonically. Yang did not appear at the hearing.

Upon review of the motion, supporting documents, and the oral representations of the Government at the hearing, and good cause appearing, the court now issues the following findings and recommendations.

**II.  Background**

This case is proceeding on the Verified Complaint for Forfeiture in Rem ("complaint") filed April 3, 2018. (ECF No. 1.) The complaint makes the following factual allegations:

In 2016, law enforcement identified Leonard Yang as a participant in a large-scale residential marijuana operation in Sacramento County that involved seven Sacramento residences. (ECF No. 1 at ¶ 11.) Each residential property connected to the criminal organization consumed an unusually large amount of electricity and the properties were purchased with hard-money financing and thousands of dollars wired to the United States from China. (Id.) In September 2016, law enforcement executed federal search warrants at the seven residences and seized more than 5,000 marijuana plants. (Id. at ¶ 12.) In September 2016, Leonard Yang and three co-conspirators were indicted. (Id. at ¶ 13.)

In 2017, law enforcement identified Xiu Ping Li and others as participants in a large-scale marijuana cultivation and trafficking organization, and identified nine properties connected to their illegal activities. (Id. at ¶ 14.) Federal search warrants were executed at the nine properties in July 2017. (Id. at ¶ 15.) In September 2017, Xiu Ping Li was indicted along with several other individuals. (Id. at ¶ 17.)

Following these federal investigations and indictments, state and local authorities searched a number of additional properties that were identified by the investigations as potentially tied to the organization under federal examination. (Id. at ¶ 18.) Ultimately, in 2017 and 2018, law enforcement executed search warrants at twelve properties in Calaveras County, including the

defendant real property, and seized approximately 9,711 marijuana plants and over 100 pounds of processed marijuana. (Id. at ¶¶ 18–21, 30.) Regarding the defendant real property, on January 11, 2018, law enforcement executed a state search warrant at the property and found an active marijuana grow that contained 1,346 marijuana plants. (Id. at ¶ 30.) Yang, a resident of Pittsburgh, Pennsylvania, is the listed owner of the defendant real property and purchased the property for $360,000 in June 2017. (Id.)

The verified complaint alleges that defendant real property was used or intended to be used, to commit or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq. (prohibiting the manufacture, distribution, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(6)–(7). (Id. at ¶¶ 34–35, 37.)

Pursuant to order of this court filed April 12, 2018, notice of this action was published on the official internet government forfeiture site <www.forfeiture.gov> and ran for at least thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF Nos. 3 (Order) and 19 (Declaration of Publication).)

The U.S. Marshals Service posted defendant property with the verified complaint and notice of complaint on April 27, 2018. (ECF No. 90-2 at ¶ 8; id. at 21.) On April 5, 2018, the Government recorded a Lis Pendens (Notice of Pending Action) against defendant real property with the Calaveras County Recorder. (ECF No. 12.)

On May 31, 2018, the U.S. Marshals Service attempted unsuccessfully to personally serve the complaint and related documents upon Yang at his last known address. (ECF No. 90-2 at ¶ 6, Ex. B.) Personal service upon Yang was again attempted on June 8 and June 18, 2018; the documents were left at the residence on June 18, 2018. (Id.; see also ECF No. 63.) On April 23, 2018, copies of the complaint and related documents were sent by certified mail to Yang to his last known address in Pittsburgh. (ECF No. 90-2 at ¶ 3, Ex. A.) The certified mail envelope was signed for on April 27, 2019. (Id.)

To date, no claim or answer has been filed by, or on behalf of, Yang, as required by Rule

G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, to contest this action. (ECF No. 90-2 at ¶ 7.)

On July 24, 2018, at the Government's request, the Clerk of Court entered default as to Yang, pursuant to Fed. R. Civ. P. 55(a). (ECF No. 67.)

**III.     Legal Standard**

"The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) (citations omitted). Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

Civil forfeitures of real property are governed generally by 18 U.S.C. § 985. Forfeiture actions in rem arising from a federal statute are governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule" or "Supp. Rule"). United States v. Real Prop., 135 F.3d 1312, 1315 (9th Cir. 1998); see also Supp. Rule A(1)(B), and Supp. Rule G (setting forth specific procedural and notice requirements). These rules are reflected in the Local Admiralty and In Rem Rules for the U.S. District Court for the Eastern District of California ("Local Rule"), which govern all in rem proceedings filed in this court. See Local Rule 500. Local Rule 540 sets forth the procedures for obtaining default judgment in an action in rem.

**IV.     Analysis**

Local Rule 540(d) provides for an ex parte hearing and entry of default judgment, without further notice, at any time after the time for answer has expired, provided due notice of the action has been given and no one has appeared to claim the property and give security thereof. The Government has demonstrated compliance with these requirements, subject to the rights of the lienholder in defendant property.

///

**A. Notice**

    **1. Posted Notice on Defendant Property**

Local Rule 540(a) sets forth the requirements for achieving due notice of an action in rem commencing upon the "arrest" of the property. The Government may initiate a civil forfeiture action against real property by filing a verified complaint, posting notice of the complaint on the property, and serving notice on the property owner. 18 U.S.C. § 985(c)(1)(B) ("The Government shall initiate a civil forfeiture action against real property by . . . (B) posting a notice of the complaint on the property"); see also Supp. Rule G(2) (requirements of the complaint). The Government posted notice of the instant complaint on defendant real property on April 27, 2018. (ECF No. 90-2 at ¶ 8; id. at 21.)

    **2. Published Notice**

Supplemental Rule G(4)(a)(iv)(C) provides that the requisite notice of the forfeiture action may be met by timely notifying potential claimants of the action by posting a notice on an official internet government forfeiture site for at least 30 consecutive days.

Pursuant to order of this court filed April 12, 2018 (ECF No. 3), the Government published notice of this action on the official internet government forfeiture site <www.forfeiture.gov> for 30 consecutive days. (ECF No. 19.)

    **3. Actual Notice**

Congress has specified that in civil forfeiture actions against real property, the Government shall "serv[e] notice on the property owner, along with a copy of the complaint." 18 U.S.C. § 985(c)(1) (C); see also Local Rule 540(a)(2) (personal service on individual having custody of the property), and (4) (personal service or by certified mail, return receipt requested, to all individuals known to have an actual interest in the property). Supplemental Rule G provides that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant." Supp. Rule G(4)(b)(iii)(A).

The Government provided actual notice to all potential claimants in this action, including Yang.

///

### B. Time for Filing a Claim and Answer Has Expired

An individual asserting an interest in defendant real property may contest the forfeiture action by filing a claim not later than 35 days after notice, or not later than 30 days after the final publication. Supp. Rule G(a)(ii)(A) and (B). The claimant must file an answer to the complaint within 21 days after filing the claim. Supp. Rule G(b). See Real Prop., 135 F.3d at 1317 (explaining that standing to contest in rem civil forfeiture action is dependent upon compliance with filing requirements).

The Return Receipt for notice served on Yang was signed and returned on April 27, 2018. (ECF No. 90-2 at 8.) Final notice by publication was May 19, 2018. The most extended deadline for filing a claim was 30 days after final notice by publication, or Monday, June 18, 2018. To date—October 2019—Yang has not filed a claim or answer in this action, and the time for doing so is long expired.

Accordingly, the Clerk's entry of default upon Yang, the titled property owner, on July 24, 2018, was proper, and this motion for default judgment properly proceeds.

### C. Entry of Default Judgment is Proper

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Clerk's entry of default against Yang effects his admission of the factual allegations of the complaint, except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

The court finds that the well pleaded allegations of the verified complaint state a claim for which relief can be granted. Specifically, accepting as true the factual allegations of the verified complaint, the Government has demonstrated that defendant property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq. (prohibiting the manufacturing, distributing, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's

imprisonment, and therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

It remains within the sound discretion of the district court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55(b). Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court must consider the following factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

The Government seeks a final judgment of forfeiture against Yang as the listed owner of the defendant real property. This is consistent with the nature of forfeiture in rem proceedings. See Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958) (explaining that "[a] judgment in rem affects the interests of all persons in designated property").

Application of the Eitel factors supports entry of default judgment. First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimant has abandoned his claim to the defendant real property. Second, the Government's claims appear to have merit. Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action in rem, including the filing of a sufficient verified complaint. Fourth, the defendant real property that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion. Fifth, there are no genuine disputed issues of material fact. Sixth, there is no evidence that Yang's abandonment is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, as here, where Yang has abandoned his claims. Accordingly, there is no impediment to default judgment sought by the Government and the court will recommend that the motion be granted.

////

////

**VI.     Conclusion**

In accordance with the foregoing findings, IT IS HEREBY RECOMMENDED that the Government's motion for default judgment (ECF No. 90) be GRANTED, thus extinguishing any right, title, or interest in defendant real property of potential claimant Xiulan Yang.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 USA747.default