MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CV-00747-KJM-CKD |
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTY LOCATED AT 6199 HIGHWAY 26 |
| REAL PROPERTY LOCATED AT 8911 HIGHWAY 49, MOKELUMNE HILL, CALIFORNIA, CALAVERAS COUNTY, APN: 018-019-057-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 3788 DUNN ROAD, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 072-033-018-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 3650 DELIN WAY, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 072-027-005-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 11635 MILTON ROAD, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 070-035-037-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |

REAL PROPERTY LOCATED AT 6365 HIRONYMOUS WAY, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 073-015-002-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 8914 GREER WAY, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 070-039-018-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 8786 GREER WAY, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 070-039-014-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 8456 BALDWIN STREET, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 070-035-014-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 6199 HIGHWAY 26, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 073-013-005-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 6048 AMOS LANE, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 048-025-287-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,

REAL PROPERTY LOCATED AT 2852 HOFFMAN DRIVE, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 072-018-014-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and

REAL PROPERTY LOCATED AT 2838 HOFFMAN DRIVE, VALLEY SPRINGS, CALIFORNIA, CALAVERAS COUNTY, APN: 072-018-015-000, INCLUDING ALL

APPURTENANCES AND IMPROVEMENTS THERETO,

Defendants.

The United States of America and lien holder Signet Mangement, LLC ("Signet"), agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1. The defendant property subject to this stipulation is Real Property located at 6199 Highway 26, Valley Springs, California, Calaveras County, APN: 073-013-005-000, including all appurtenances and improvements thereto ("defendant property"), and more fully described as:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN COUNTY OF CALAVERAS, THE STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:
>
> LOT 3032 OF RANCHO CALAVERAS, UNITS NO. 10, 11, 12, 13 AND 14, TRACT NO. 180, AS SHOWN ON THE OFFICIAL MAP THEREOF, FILED FOR RECORD DECEMBER 18, 1967, IN BOOK 3, OF SUBDIVISION MAPS, AT PAGE 12-12J, INCLUSIVE, CALAVERAS COUNTY RECORDS.

2. On April 3, 2018, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant property, including any right, title and interest in the whole of any lot or tract of land and any appurtenances or improvements thereon, is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7) because it constitutes other things of value furnished in exchange for a controlled substance or listed chemical, or proceeds traceable to such an exchange, and/or was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 et seq.

3. The recorded owner of the defendant real property is Xuilan Yang.

4. Beginning on April 20, 2018, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on May 21, 2018. (ECF No. 19)

5. The defendant property was posted with a copy of the Verified Complaint for Forfeiture In Rem and Notice of the Complaint on April 27, 2018, by the U.S. Marshals Service. See Process Receipt and Return filed May 10, 2018. (ECF No. 16).

6. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s):

    a. Xuilan Yang

    b. Superior Loan Servicing

7. On June 15, 2018, lien holder Signet Management, LLC filed a claim (ECF No. 40), and an answer to the complaint on June 15, 2018 (ECF No. 39). The Note is presently in default as a result of Xiulan Yang's failure to make the regular monthly payment due on May 1, 2018 and has continuously been in default since May 11, 2018.

8. Xiulan Yang has not filed a claim or answer. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Xiulan Yang on July 24, 2018. (ECF No. 67). On August 23, 2019, the United States filed a Motion for Default Judgment and Final Judgment of Forfeiture. (ECF No. 85). On November 15, 2019, Magistrate Judge Delaney filed her Findings and Recommendations to the motion. (ECF No. 98). On January 9, 2020, District Judge Mueller entered an order adopting the Findings and Recommendation of Judge Delaney. (ECF No. 99).

9. No other parties have filed claims or answers in this matter as to the defendant property, and the time in which any person or entity may file a claim and answer has expired. .

10. The parties agree that the U.S. Marshals Service (or a designee) shall be authorized to sell the defendant property in accordance with the terms and conditions of this Stipulation pursuant to the paragraphs below.

11. The U.S. Marshals Service (or a designee) shall list and sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the defendant property, the United States shall receive the net proceeds, less payments for costs of selling the property, cleanup, other expenses incurred, and any legitimate liens that exist on the defendant property.

    a. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

    b. If necessary, the U.S. Marshals Service, and any real estate broker employed by

the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

    c.    The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        i.    The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        ii.    Any unpaid real property taxes which are due and owing.

        iii.    A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

        iv.    The seller shall pay any county transfer taxes.

        v.    To claimant Signet Mangagement, LLC- a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Calaveras County at Book number 2017-007303 on June 30, 2017, in the principal amount of $234,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Signet Management, LLC, up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees, any insurance advances, and tax advances on the defendant property.

        vi.    To the United States of America: the net proceeds from the sale of the defendant property after payment has been made to lien holder Signet Management, LLC. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 18 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

    d.    Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's lis pendens documents on April 5, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

    e.    The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

    f.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

    g.    Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12. The net proceeds from the sale of the defendant property will be deposited in the Department of Justice Seized Asset Fund and substituted as the property in this action pending a final judgment in this case.

13. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

14. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

15. All parties are to bear their own costs and attorneys' fees in connection with the sale of the defendant property and the preparation of this stipulation.

16. Pending the sale of the defendant property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this stipulation.

17. The interlocutory sale of the defendant property, the substitution of the net sales proceeds in the civil case, and this stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the property.

IT IS SO STIPULATED

Dated: 2/7/2020	MCGREGOR W. SCOTT
	United States Attorney

	By:	/s/ Kevin C. Khasigian
		KEVIN C. KHASIGIAN
		Assistant U.S. Attorney

Dated: 2/6/2020	/s/ Michael J. Gilligan
	MICHAEL J. GILLIGAN
	Attorney for Lienholder Signet Management, LLC

## **ORDER FOR INTERLOCUTORY SALE**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation re interlocutory sale of the real property is granted.

2. The real property 6199 Highway 26, Valley Springs, California, Calaveras County, APN: 073-013-005-000, more fully described above, will be sold pursuant to the terms set forth above.

3. The net proceeds from the sale of the real property will be substituted as the *res* herein and held by the U.S. Marshal Service, pending further order of the Court.

IT IS SO ORDERED.

Dated: February 11, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE